# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NARENDRA CHAND,

      Petitioner,

vs.   Civil No. 06-444 RB/RHS

JOE ROMERO, Warden, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed May 26, 2006 **[Doc. No. 1]** and Respondents' Motion to Dismiss, filed July 3, 2006 **[Doc. No. 10]**. Petitioner Narendra Chand is incarcerated and proceeding *pro se* and *in forma pauperis*. Having considered the parties' submissions, the relevant law and being otherwise advised in the premises, the Court recommends that Respondents' Motion to Dismiss be granted, Petitioner's Petition be denied and this civil proceeding be dismissed.

    2. On August 10, 2004, following a guilty plea, Petitioner was convicted of the offenses of: (1) Second Degree Murder, a 2d degree felony, (2) Aggravated Burglary (Deadly Weapon), a 2d degree felony, (3) Interference with Communications, a misdemeanor, and (4) Kidnapping (Victim Not Freed in a Safe Place), a 1st degree felony. (Judgment, Partially Suspended Sentence and Commitment ("Judgment") at 1-2, Ex. A, attached to Answer, filed Jul. 3, 2006 **[Doc. No.**

**9]**[1]). The state district court sentenced Petitioner to "a total term of forty-seven (47) years and 364 days, of which eight (8) years is suspended, for an actual sentence of imprisonment of forty (40) years less one day." (Judgment at 2).

3. On December 23, 2004, Petitioner filed a "Motion to Reconsider Sentence."[2] (Ex. E). Following a hearing, the state district court denied the motion. (Ex. G). On January 3, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus (Continued)"[3] in the state district court, which was denied on January 11, 2006. (Exs. H, I). On January 26, 2006, Petitioner filed a "Petition for Writ of Certiorari to the 1st [sic] District Court of New Mexico," which was summarily denied by the Supreme Court of New Mexico on February 16, 2006 (Exs. J, K). On May 26, 2006, Petitioner filed an application for a writ of habeas corpus in the United States District Court for the District of New Mexico **[Doc. No. 1]**.

4. Construed liberally, the allegations in Mr. Chand's Petition filed in this Court set forth the following claims as a basis for relief:

(1) <u>Ineffective assistance of counsel</u> (based on the following grounds),
 (a) Petitioner's trial counsel, Joseph Riggs, coerced Petitioner into pleading guilty by promising him a sentence of twelve (12) years ("unkept promises"),
 (b) Counsel never explained the nature and consequences of the charges,
 (c) Counsel failed to file a motion to suppress Petitioner's statement to detectives; and
(2) <u>Conviction obtained by guilty plea unlawfully induced</u> (not understanding

---

[1]All exhibits referenced in these proposed findings and recommended disposition are attached to Respondents' Answer, unless otherwise indicated.

[2]Petitioner filed a "Memorandum in Support of Motion to Reconsider Sentence" on January 25, 2005. (<u>See</u> Ex. F).

[3]Although Petitioner references a letter previously written to the state court, it is not apparent how the Petition is "continued." Respondents state that the "court file includes nothing that is in fact continued by this petition." (Answer at 3).

charges).

Respondents concede that Petitioner exhausted these claims in the New Mexico state courts. (Answer at 2 ¶ 4).

     5. Petitioner subsequently filed a "2nd Addendum to Habeas Corpus Petition" ("Addendum"), file-stamped September 29, 2006 **[Doc. No. 15]** and a "3rd Supplemental to Habeas Petition" ("Supplemental") with supporting memorandum, file-stamped February 28, 2007 **[Doc. Nos. 22, 23]**. In his Addendum and Supplemental, Petitioner restated some of the claims previously set forth in his Petition. In addition, Petitioner's allegations in these later filings, liberally construed, appear to assert the following claims:[4]

    (1)    <u>Guilty plea was unknowing and involuntary</u> because Petitioner did not understand that the "charge of 1st degree kidnapping carried a mandatory sentence of 18 yrs." (Addendum at 3);

    (2)    <u>Ineffective assistance of counsel</u> (based on the following grounds)
(a) counsel failed to conduct a full and thorough investigation into Petitioner's defenses (Supplemental at 2),
(b) counsel did not challenge the prosecution regarding the accuracy of the criminal information (kidnapping) (Addendum at 3) and did not explain "the true nature and consequences of 1st degree kidnapping" (Supplemental at 12),
(c) counsel failed to present favorable or mitigating evidence at Petitioner's sentencing hearing (Supplemental at 9-10);

    (3)    <u>Prosecutorial error/misconduct</u> based on the prosecution's failure to disclose exculpatory evidence (Supplemental at 3);

    (4)    <u>Sentencing error</u> because Petitioner's sentence was based on "fabricated evidence, hearsay statements, false news and . . . ineffective assistance of counsel." (Supplemental at 10).

     6. It is not clear that Petitioner presented all of these claims to the New Mexico state courts. However, in response to the Court's inquiry on this matter, Respondents explicitly

---

[4]Petitioner's multiple, serial, and often repetitious filings and allegations are extremely difficult to parse. For the sake of clarity and convenience, Petitioner's allegations are organized into the following claims.

conceded that "Petitioner has exhausted his state court remedies with respect to the issues or claims raised . . . in the Petition, Addendum, 2nd Addendum and Third Supplemental Addendum." (Respondents' Supplemental Answer at 3 ¶ 10).  Thus, whether or not Petitioner has exhausted all of his claims, the State has expressly waived the exhaustion requirement in accordance with 28 U.S.C. § 2254(b)(3).

7.  Petitioner pled guilty to second degree murder, aggravated burglary, interference with communications and kidnapping.  "Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary." Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted).  Thus, the relevant inquiry in a challenge to a guilty plea proceeding is generally limited to whether the underlying plea was both counseled and voluntary. Tollett v. Henderson, 411 U.S. 258, 263-64 (1973); Osborn v Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).

*Ineffective Assistance of Counsel*

8.  Petitioner's primary argument is that his guilty plea was involuntary and unknowing due to the ineffectiveness of his trial counsel.  A guilty plea may be rendered involuntary by the constitutionally inadequate performance of defense counsel.  Romero, 46 F.3d at 1033.  However, in order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test.  See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

9.  First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  To demonstrate that his attorney's performance fell

below this standard, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. With respect to this prong, Petitioner must show that defense counsel's performance was not simply wrong, but instead was completely unreasonable. See Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997).

10. Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him, that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A Petitioner's mere allegation that he would have insisted on trial absent counsel's errors, although necessary, is not enough to satisfy the prejudice prong. See Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001).

11. Petitioner apparently alleges that he was involuntarily induced or coerced to plead guilty due to his counsel's ineffective assistance in promising him a sentence of twelve (12) years,[5] failing to explain the nature and consequences of the charges against him, and failing to file a motion to suppress Petitioner's statement made to detectives. These claims were raised in Petitioner's application for a writ of habeas corpus filed in the New Mexico state courts. In denying Petitioner's application for habeas, the state trial court explained:

> The Court has known [trial counsel] Mr. Riggs for over 20 years and he knows the Court as well as anyone. Mr. Riggs worked hard on Mr. Chand's behalf but the Court saw this as a case requiring greater punishment. Mr. Chand simply

---

[5]Petitioner also contends that his attorney "coached me how to answer the Judge[']s questions on the day I sign[ed] the plea." (Petitioner[']s Response to Respondents['] Motion to Dismiss, filed Jul. 20, 2006 **[Doc. No. 13]**).

>    does not like the sentence imposed [and] . . . that is <u>not</u> a ground for a Habeas Corpus[.]

(Order on Petition for Writ of Habeas Corpus, Ex. I (emphasis in original)).

     12. Despite the limited rationale provided for its decision, the state court adjudicated Petitioner's claims on the merits for purposes of § 2254(d) because there is no evidence to the contrary. See <u>Aycox v. Lytle</u>, 196 F.3d 1174, 1177 (10th Cir. 1999). Accordingly, this Court "must uphold the state court's summary decision unless [my] . . . independent review[6] of the record and pertinent federal law persuades [me] . . . that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." <u>Aycox</u>, 196 F.3d at 1178. Where the state court does not decide a claim on the merits, and that claim is not otherwise procedurally barred,[7] a federal district court addresses the issue de novo and the § 2254(d)(1) deference requirement does not apply. See <u>Aycox</u>, 196 F.3d at 1177. In this case, Petitioner's claims have no merit whether this Court applies a deferential or a de novo standard of review.

     13. The New Mexico state trial court implicitly found that Petitioner's guilty plea did not result from ineffective assistance of counsel. In reaching its decision, it is not clear whether the state court found that Petitioner's allegations failed to meet the first, second, or both prongs of the <u>Strickland</u>/<u>Hill</u> test for ineffective assistance of counsel. In any event, following an independent review of the record, this Court is not persuaded that the state court's decision

---

     [6]A federal district court's "independent review" with respect to a state court's summary decision is deferential in that relief may not be granted "unless the state court's *result* is legally or factually unreasonable." <u>Aycox</u>, 196 F.3d at 1178 (emphasis added).

     [7]Respondents do not contend that any of Petitioner's claims are procedurally barred.

"contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." Aycox, 196 F.3d at 1178.

14. In this case, the state court might have reasonably concluded that even assuming defense counsel's conduct was deficient, Petitioner failed to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Petitioner's allegation that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle Petitioner to relief. Miller, 262 F.3d at 1072 (citation omitted). Rather, the Court must "look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Miller, 262 F.3d at 1072 (citations omitted).

15. In this case, according to the state's prosecutor, the evidence showed that:

> [Petitioner] went over . . . [to the victim's apartment complex], waited out in the car, had a knife with him. He . . . tried to get somebody to let him in, jumped over the patio . . . armed with the knife . . . . He cut what he admitted he thought was the phone line, but as it turned out, it was the cable TV. He kicked in the sliding glass doors . . . [entered] her apartment and stabbed her 26 times.

(Transcript of Proceedings of Hearing on Motion to Reconsider Sentence ("Sentence Reconsideration Hearing") at 22-23, held on May 10, 2005, State v. Chand, Cr. No. 2003-367 (2d Jud. Dist. Ct. of New Mexico)). Reports filed by police officers who investigated the scene and interviewed potential witnesses support the state's version of events. (See Albuquerque Police Department Supplementary Offense Reports by Detectives Carl Ross and C. Gandara, Attachments 3 and 4 to Petitioner's Supplemental). Although Petitioner quibbles over certain

details (i.e., the number of stab wounds the victim received) and argues about its interpretation, he does not dispute the state's basic evidence against him.

16.     On February 10, 2003, a Grand Jury charged Petitioner with:  Count 1- First Degree Murder, Second Degree Murder and Manslaughter; Count 2 - Aggravated Burglary (with a deadly weapon) or in the alternative, Aggravated Burglary (commits battery); and Count 3 - Interference with Communications.  (Record Proper ("RP") at 1-2).  Thus, the record indicates that had Petitioner rejected the plea and proceeded to trial, he potentially faced a capital felony charge of First Degree Murder.[8]  Given the highly incriminating evidence against him[9] and the possibility of confronting such a charge at trial, the state court could reasonably conclude, as does this Court, that even in the absence of counsel's alleged deficiencies, Petitioner would not have insisted on proceeding to trial.  Thus, Petitioner's claim for relief on this basis should be denied.

*Ineffective Assistance of Counsel - failure to investigate*

17.    Petitioner contends that his counsel should not have advised him "to accept a guilty plea without having a full and thorough investigation for Mr. Chand's defense."  (Supplemental at 2).  Thus, Petitioner apparently alleges his counsel was ineffective in failing to investigate possible defenses to the charges against him.  "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  Nguyen v. Reynolds, 131 F.3d 1340, 1347 (10th Cir. 1997) (citations and internal quotation marks omitted).

---

[8] A defendant convicted of a capital felony in New Mexico "shall be punished by life imprisonment or death."  N.M.S.A. § 31-18-14(A).

[9] The state trial court noted that such evidence "lead[s] me to believe that . . . [Petitioner] was angry, that he thought about this in advance, that he planned it, went over to . . . [the victim's] house and executed the plan he had formulated in his own mind . . . ."  (Sentence Reconsideration Hearing at 24:13-16).

Here, Petitioner fails to show that counsel's alleged failure to investigate either fell below an objective standard of reasonableness or resulted in prejudice.

18. Petitioner's conclusory allegations do not establish deficient conduct on the part of counsel because he fails to describe what evidence and/or defenses any additional investigation might produce. In addition, to the extent Petitioner attempts to argue that counsel erred in not pursuing a murder defense based on the contents of the victim's 911 call, such an argument fails to allege deficient conduct. (See discussion of exculpatory evidence, *infra*). Finally, Petitioner's allegations fail to establish prejudice under the second prong of the Strickland / Hill test of ineffective assistance of counsel for the reasons set forth above.

### *Invalid Guilty Plea (involuntary and unknowing)*

19. Petitioner alleges that his plea is invalid because he agreed to plead guilty without understanding the nature and consequences of the charges against him. Petitioner specifically contends that he did not understand the nature and consequences of pleading guilty to a charge of first degree felony kidnapping. "A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed." Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (overruled on other grounds). However, a defendant's statements on the record, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

20. Here, Petitioner signed a Plea and Disposition Agreement ("Plea Agreement") that clearly set forth the charges to which Petitioner pled guilty and the maximum penalties for each charge. (Ex. B). Petitioner indicated that he had discussed his case and constitutional rights with

9

counsel, that he read and understood the plea agreement, and that he was satisfied with the advice of counsel. (Ex. B; Transcript of Plea Hearing at 9-10, Ex. C). Petitioner testified that he discussed with counsel the information charging him with kidnapping before signing a waiver of his right to a Grand Jury or hearing on that charge. (Ex. C at 7-8).[10] At his plea hearing, the state court stated that "[t]he bottom line is you'll be sentenced anywhere from 12 to 48 years" and asked "with that understanding do you still wish to offer these pleas?", to which Petitioner responded: "Yes, your Honor." (Ex. C at 5). Petitioner agreed that he was pleading guilty of his own free will and denied that his plea resulted from any off-the-record promises, force or threats. (Ex. C at 4). This Court concludes that Petitioner's allegations fail to surmount the formidable barrier erected by his own statements on the record regarding the knowing and voluntary nature of his plea.

21. Petitioner's allegation that his plea was involuntary and unknowing because he did not understand the kidnapping charge carried a mandatory sentence of eighteen (18) years is wholly without merit. As previously noted, the written Plea Agreement listed the maximum penalties for each charge, indicating that the "basic sentence" for kidnapping was 18 years. (Ex. B at 2). The Plea Agreement further provided that Petitioner would be ordered "to serve a period of incarceration between twelve (12) years and forty-eight (48) years." (Ex. B at 2). To the extent Petitioner alleges that his conviction of first degree felony kidnapping would preclude the sentencing court from ordering a 12 year period of incarceration pursuant to the plea agreement, this Court finds such an allegation baseless.

---

[10] Additionally, the state court read the kidnapping charge aloud to Petitioner before receiving his guilty plea. (Ex. C at 8).

*Exculpatory Evidence*

22.  Petitioner apparently alleges that the prosecution engaged in misconduct by failing to provide exculpatory evidence to the defense, specifically, the victim's 911 call.  A defendant is entitled to the discovery of exculpatory evidence according to the dictates of Brady v. Maryland, 373 U.S. 83 (1963).  Under Brady, the prosecution must disclose evidence in its possession that is "material" to the defense.  Evidence is material if there is a reasonable probability that disclosure to the defense would have resulted in the jury acquitting the defendant.[11]  Banks v. Dretke, 540 U.S. 668, 698 (2004); Kyles v. Whitley, 514 U.S. 419, 434 (1995).  Petitioner does not demonstrate a due process Brady violation because his allegations fail to establish a reasonable probability that the disclosure of the material sought would have resulted in either an acquittal or a recommendation from counsel that Petitioner reject the plea offer.

23.  Petitioner contends that the 911 tape "would have showed some very valuable information favourable to Mr. Chand's defense[,] . . . . [including, *inter alia*, the] victim directing Mr. Chand to committ [sic] the crime."  (Supplemental at 3-4).  However, even assuming that the tape shows the victim was suicidal and/or requested that Petitioner kill her, such evidence is unavailing to Petitioner.

24.  In New Mexico, "suicide is not a recognized affirmative defense [to murder]."  State v. Stanley, 131 N.M. 368, 373, 37 P.3d 85, 90 (N.M. 2001), 2001-NMSC- 037 ¶11 (citing New Mexico Uniform Jury Instructions 14-5101 and 14-5171).  The difference between committing murder and aiding suicide "generally hinges upon whether the defendant actively participates in

---

[11]This rule applies only to favorable evidence that the prosecution has but that is unavailable to the defendant.  See, e.g., United States v. Hernandez-Muniz, 170 F.3d 1007, 1011 (10th Cir. 1999) (citation omitted).

the overt act directly causing death, or whether he merely provides the means of committing suicide." State v. Sexson, 117 N.M. 113, 116-17, 869 P.2d 301, 304-05 (Ct. App. 1994) (citations omitted). "This rule applies even where the victim has given his consent or requested the actual assistance provided." Id. 117 N.M. at 117, 869 P.2d at 305 (citations omitted). Moreover, the existence of a "suicide pact" does not generally provide an exception to this rule.[12] Id. (citations omitted).

25. Finally, the record appears to contradict Petitioner's allegation that the prosecution failed to disclose the victim's 911 tape to the defense. In a letter to Petitioner from the office of Joseph Riggs, a paralegal stated: "I believe the 911 call by Laxmi is amongst those [other] tapes [in a box in Petitioner's case file]." (Attachment 2 to Supplemental). For all of these reasons, Petitioner's claim on this basis should be denied.

### *Sentencing Error*

26. Petitioner alleges error in his sentencing proceedings in that his sentence "was not based on the true facts of the case but fabricated evidence, hearsay statements, false news and newspaper reports, and . . . ineffective assistance of counsel." (Supplemental at 10). Generally, the severity of a sentence which has been imposed within statutory limits will not be reviewed by a federal court on habeas corpus. See, e.g., Smith v. Wainwright, 664 F.2d 1194 (11th Cir.1981). However, alleged impropriety in the sentencing process itself is subject to judicial examination. Id. In order to successfully challenge his sentence in this case, Petitioner must demonstrate that a

---

[12]According to police reports, Petitioner was found "lying face down next to [victim] . . . . suffering from multiple stab wounds . . . ." (Attachment 3 to Supplemental). During a hearing in state court, Petitioner explained: "I know I stabbed her so many times. I tried to kill myself, too . . . ." (Sentence Reconsideration Hearing at 22:13-14).

constitutional error of law resulted in the improper exercise of the sentencing court's discretion. Haynes v. Butler, 825 F.2d 921, 924 (5th Cir.1987), cert. denied, 484 U.S. 1014 (1988).

27. Petitioner contends that a "false statement by [D]etective Martinez [apparently regarding a history of domestic violence] was very seriously used against Mr. Chand by the sentencing Judge." (Supplemental at 8). When the sentencing court inquired as to whether there was evidence of violence in Petitioner's past marriages, Petitioner's counsel responded that there "were calls to the police" with [Petitioner's former wife] Diana "but ultimately no charges were filed." (Transcript of Sentencing Hearing ("Sentencing Hearing") at 21:13-14). Petitioner's counsel further pointed out that while "the presentence report, I think, reports one prior incident in California only . . . . I think it was ultimately dismissed." (Sentencing Hearing at 21:19-21). In imposing sentence, the sentencing court did not refer to any allegation or report of past domestic violence, but rather emphasized that the "manner and mechanism of this death don't allow for leniency in this courtroom." (Sentencing Hearing at 24:24-25).

28. Having reviewed the record and Petitioner's allegations, this Court concludes that Petitioner fails to establish the occurrence of constitutional error during his sentencing proceedings and offers nothing more than speculation and conclusory assertions with respect to the prejudicial effect of any purported improprieties on his sentence. In other words, Petitioner fails to show that any constitutional error resulted in the improper exercise of the sentencing court's discretion or made his sentence fundamentally unfair. Accordingly, Petitioner's claim on this basis should be denied.

### *Evidentiary Hearing*

29. Finally, the Court finds that a federal evidentiary hearing is either precluded or not

required pursuant to 28 U.S.C. § 2254(e).  Petitioner is not entitled to a hearing in this Court because: (1) he has failed to develop the factual bases for his claims in state court proceedings, (2) his allegations are contravened by the existing record, and/or (3) his allegations, if true, would not entitle him to habeas relief.  See § 2254(e); Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir. 1998).  Accordingly, the Court recommends that Petitioner's request for a hearing be denied.

## Recommendation

The Court recommends that Respondents' Motion to Dismiss **[Doc. 10]** be GRANTED, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED with prejudice.  Any pending motions should be denied as moot.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE