**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NARENDRA CHAND,

      Petitioner,

      v.                                                              No. CV 06-0444 RB/RHS

ERASMO BRAVO, WARDEN,
STATE OF NEW MEXICO,

      Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court on Petitioner's Request for Chief Federal Judge to Review the §2254 Petition (Doc. 64), with an attached proposed Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 64-1). The Court construes the request for review as a motion under rule 60(b) of the Federal Rules of Civil Procedure to reopen this proceeding. *See Burns v. C.I.A.*, No. 93-5153, 1994 WL 36770, at *1 (10th Cir. 1994) (affirming lower court's construction of a motion to reopen as a rule 60(b) motion). Also before the Court is Petitioner's Application to Proceed In Forma Pauperis (the "IFP motion") (Doc. 63). The Court will grant the IFP motion and will dismiss the motion to reopen.

      In this proceeding under 28 U.S.C. § 2254, Petitioner originally attacked the same state court criminal conviction that is the ultimate object of his current filings. The Court dismissed Petitioner's original habeas corpus petition (Docs. 1, 36, 37), and the Court of Appeals for the Tenth Circuit twice denied him authorization to file a second or successive petition (Docs. 40, 41). This Court then dismissed Petitioner's motion for relief from its original judgment (Docs. 43, 46) and the Court of Appeals for the Tenth Circuit dismissed his appeal (Doc. 58). Similar results occurred in Petitioner's

related case, *Chand v. Romero*, No. CV 12-1044 MCA/WPL. In total, before filing his current pleading Petitioner had initiated seven unsuccessful attacks on his conviction and sentence.

Petitioner characterizes his motion as seeking this Court's review of a new § 2254 petition. His central new claim is that this Court failed to rule on his claim of innocence of a kidnapping charge. He implicitly argues that this claim is not subject to the restrictions on second-or-successive petitions. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). To the contrary, according to the Court of Appeals for the Tenth Circuit in an earlier order in this proceeding, "Mr. Chand did not properly present an actual-innocence claim in his first habeas petition or any of his addendums or supplements. His 60(b) motion therefore was not challenging a defect in the integrity of the habeas proceeding but was seeking instead to raise a new claim for habeas relief." (Doc. 58-1.) Plaintiff's motion to reopen and the attached § 2254 petition attempt, once again, to raise the omitted innocence claim and thus amount to a second or successive petition.

As previously noted in this proceeding, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. The current motion is Petitioner's eighth attempt to attack his state conviction and is not accompanied by an authorizing order. The Court of Appeals has advised Petitioner of the possibility of imposing filing restrictions. *See Chand v. Romero*, No. CV 12-1044 MCA/WPL Doc. 10. Therefore, according to the factors in *Cline*, the Court will dismiss Petitioner's motion for lack of jurisdiction. If Petitioner submits further filings relating to the subject matter of

this proceeding, the Court may impose filing restrictions.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, the Court determines that Petitioner has failed to make a substantial showing of denial of a constitutional right and will deny a certificate of appealability. *See Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007).

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed In Forma Pauperis (Doc. 63) is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Request for Chief Federal Judge to Review the §2254 Petition (Doc. 64), with attached proposed Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 64-1), construed herein as a motion to reopen, is DISMISSED for lack of jurisdiction; and a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE